IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEREK RODRIGUEZ, :
:
Petitioner :
: 4:07-cv-1834
:
v. : Hon. John E. Jones III
:
WARDEN R. MARTINEZ, :
:
Respondent :

## MEMORANDUM

### October 8, 2009

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Derek Rodriguez ("Petitioner" or "Rodriguez") initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241. At the time of filing, Petitioner was confined at the Allenwood Federal Correctional Complex ("FCC Allenwood") in White Deer, Pennsylvania. Petitioner challenges a guilty finding following a prison disciplinary hearing for which he was sanctioned with the revocation of twenty-seven (27) days of good conduct time. As relief, Rodriguez requests the restoration of his good conduct time. For the reasons set forth below, the Petition will be dismissed as moot.

# I. BACKGROUND

On November 1, 2006, Rodriguez received an incident report charging him with a code 197 violation ("Abuses of the Telephone that Furthers Criminal Activity") and a code 223 violation ("Threatening Another with Bodily Harm"). (*See* Doc. 6-2, Cerney Decl., ¶ 9.) The report describes the incident as follows:

> On 11-2-06 at 9:00 a.m. while I was reviewing inmate telephone calls, inmate [Derek] Rodriguez #61188-053 placed a call on 11-1-06 at 7:50pm to a female at the telephone number (718)227-5235. During this call inmate Rodriguez tells the female, "Listen to me my son is no retard, what the fuck your [*sic*] out of work start doing something, if he gets held back in school this year I'm going to fuck'n kill you, you hearing me." Inmate's [*sic*] are not authorized to use the telephone to make threats against others.

(Doc. 1 at 10.)

On November 29, 2006, Rodriguez appeared before Disciplinary Hearing Officer ("DHO") Cerney for a hearing on the above charges. (*See* Doc. 6-2 ¶ 18.) Following the hearing, DHO Cerney expunged the code 197 charge and determined that Rodriguez had committed the prohibited act of "Threatening Another with Bodily Harm or Any Other Offense, Code 203" as charged. (*See id.* ¶ 26.) Rodriguez was sanctioned with the disallowance of twenty-seven (27) days of good conduct time and the loss of telephone privileges for three months. (*See id.*)

In the Petition, Rodriguez alleges that his right to due process was violated.

(*See* Doc. 1 at 7.) Specifically, he claims that the evidence and findings were insufficient to impose sanctions and were against the weight of the evidence. (*See id.*) Rodriguez also argues that the offense code is facially overly broad and is unconstitutional as applied to the facts of this particular case, thus violating his First and Fifth Amendment rights. (*See id.*) As relief, he requests the restoration of his twenty-seven (27) days of good conduct time. (*See id.* at 8.)

Recently, Respondent filed a Notice of Mootness. (Doc. 9.) Attached to the Notice is the Affidavit of K. Michael Sullivan, Senior Attorney at FCC Allenwood, verifying that, on August 10, 2009, Petitioner was released from the custody of the Federal Bureau of Prisons ("BOP") to a three-year term of supervision. (Doc. 9-2 ¶ 4.) In light of the fact that Rodriguez has been released from BOP custody, Respondent submits that the claims raised in the Petition are now moot. (*See* Doc. 9 at 1.)

## II. DISCUSSION

Federal habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). In *Suggs v. Bureau*

*of Prisons,* 2008 WL 2966740 *4 (D.N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."

Because Petitioner was sanctioned with the loss of good time credits which adversely affected the duration of his ongoing federal confinement, his challenge to the disciplinary proceedings that led to that sanction was appropriate for federal habeas corpus review at the time this action was filed. However, "parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). Once a habeas corpus petitioner is released from custody, a District Court's authority to adjudicate the controversy is called into doubt. *See Burkey v. Marberry,* 556 F.3d 142, 147 (3d Cir. 2009). This limitation on a District Court's authority stems from the fact that it can only resolve actual cases or controversies, U.S. Const., Art. III, § 2, and subsists "through all stages of federal judicial proceedings. . . ." *Id.; see also Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy") (emphasis added). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.

4

3:CV-02-0465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

An inmate's petition will not be rendered moot by his release if he can show that the challenged conviction will cause him to suffer some future collateral consequences. *Lane v. Williams*, 455 U.S. 624 (1982); *Carafas v. LaVallee*, 391 U.S. 234 (1968). Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). Collateral consequences are not presumed to exist where a petitioner challenges the execution of a sentence that already has been served. *Id.* at 12-14; *see also Burkey*, 556 F.3d at 148-49 (in habeas action, "[o]nce a sentence has expired ... some continuing injury, also referred to as a collateral consequence, must exist for the action to continue."). Thus, the central inquiry is whether it is "likely" that the injuries claimed by the petitioner can be redressed by a favorable judicial decision. *See Burkey*, 556 F.3d at 147 (citing *Lewis*, 494 U.S. at 477).

In the instant case, Rodriguez's request for the reinstatement of his good conduct time has been rendered moot by his release from BOP custody. "Good time credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself." *Scott v. Schuylkill FCI*, 298 Fed. Appx. 202, 204 (3d Cir. 2008). Therefore, once Rodriguez served his entire term of imprisonment, and was released upon its completion, his good time credits ceased to have any effect

5

"either to shorten the period of supervision or to shorten the period of imprisonment which the inmate may be required to serve for violation of parole or mandatory release." 28 C.F.R. § 2.35(b); 28 C.F.R. § 523.2(c). Further, the Third Circuit Court of Appeals has held that the delay in the commencement of a term of supervised release is not a "continuing injury" that would allow a District Court to continue to exercise jurisdiction over a habeas petition challenging the execution of an inmate's sentence by the BOP. *See Burkey*, 556 F.3d at 148-49. Therefore, to the extent that Rodriguez would argue that the delay in his three-year term of supervised release that occurred as a result of his loss of good conduct time constitutes a "continuing injury," this argument would be insufficient to preclude a finding of mootness in this case. Accordingly, the Petition will be dismissed. An appropriate Order shall issue.